FILED
NOV 28 2012
DAVID CREWS, CLERK
BY_____
Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

v.

JAY HILL,
DENORRIS HOWELL,
ERIC MILLS,
QAVIS GREEN,
ANTONIO BEAN,
KENNETH SCALES,
SHAWN BROWN,
MARTY LAMBERT,
ARIELLE WELLS, and
BRANDON WELLS

1:12 CR 167

18 U.S.C. § 922(g)
18 U.S.C. § 924(c)
21 U.S.C. § 846
21 U.S.C. § 853

## INDICTMENT

THE GRAND JURY CHARGES:

A. **THE CONSPIRACY**

### COUNT ONE

Beginning at a time unknown to the Grand Jury, but at least from on or about October 1, 2011, and through May 31, 2012, in the Northern District of Mississippi, and elsewhere, the defendants, **JAY HILL, DENORRIS HOWELL, ERIC MILLS, QAVIS GREEN, ANTONIO BEAN, KENNETH SCALES, SHAWN BROWN, MARTY LAMBERT, ARIELLE WELLS, and BRANDON WELLS,** did unlawfully, knowingly and intentionally conspire, combine, confederate and agree with each other, and with other persons both known and unknown to the Grand Jury, to possess with the intent to distribute and to distribute a mixture and substance containing a detectable amount of cocaine, a controlled substance as classified by Title 21, United

States Code, Section 812 as a Schedule II controlled substance, and a mixture and substance containing a detectable amount of marijuana, a controlled substance as classified by Title 21, United States Code, Section 812 as a Schedule I controlled substance, in violation of Title 21, United States Code, Section 846.

**B.     GOAL OF THE CONSPIRACY**

It was the primary purpose and object of the conspiracy to establish a cocaine and marijuana distribution network, which would obtain and subsequently distribute cocaine and marijuana in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible. The main task of this drug trafficking network was to acquire and distribute a continuous supply of cocaine and marijuana to customers of the network.

**C.     MANNER AND MEANS TO ACCOMPLISH THE CONSPIRACY**

The charged conspiracy was accomplished by the following means, among others, and in the following manner:

1.     It was part of the conspiracy that the co-conspirators would and did play different roles in the conspiracy, take upon themselves different tasks, and participate in the conduct of the drug trafficking network through various criminal acts. The co-conspirators made themselves and their services available at various times throughout the conspiracy and participated in certain drug trafficking ventures as required to promote and protect the distribution operation.

2.     It was further part of the conspiracy that co-conspirators would correspond with each other and with other cocaine traffickers in the Northern District of Mississippi, among other places, to arrange the purchase and shipment of cocaine and marijuana into the Northern District of Mississippi, and elsewhere.

3. It was further part of the conspiracy that cocaine and marijuana was stored, prior to distribution to buyers, in co-conspirators' premises, known as "stash houses". Co-conspirators used these "stash houses" to avoid detection by law enforcement authorities.

4. It was further part of the conspiracy that co-conspirators transported and distributed cocaine to buyers in the Northern District of Mississippi, and elsewhere.

6. It was further part of the conspiracy that co-conspirators counted, transported and stored currency derived from the sale of controlled substances.

7. It was a further part of the conspiracy that co-conspirators used telephones, including cell phones, to facilitate their illegal narcotics business; that is by making telephone calls to communicate with each other, with suppliers, and with customers.

All in violation of 21 United States Code, Section 846.

## COUNT TWO

On or about May 24, 2012, in the Northern District of Mississippi, the defendant, ERIC MILLS, during and in relation to a drug trafficking crime, that is "possession with the intent to distribute a mixture or substance containing a detectable amount of marijuana," in violation of Title 21, United States Code, Section 841(a)(1), did unlawfully, knowingly, and intentionally and in furtherance of this crime possess firearms, specifically the following:

1. FEG, .45 caliber ACK 45 semi-automatic pistol (serial no. AA009841), and

2. Rock Island Armory model M1911-A1CS (serial no. RIA1218061)

in violation of Title 18, United States Code, Section 924(c).

## COUNT THREE

On or about May 24, 2012, in the Northern District of Mississippi, the defendant, ERIC MILLS, having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce firearms, specifically the following:

1. FEG, .45 caliber ACK 45 semi-automatic pistol (serial no. AA009841), and

2. Rock Island Armory model M 1911-A1CS (serial no. RIA1218061)

in violation of Title 18, United States Code, Section 922(g).

## NOTICE OF FORFEITURE

The allegations contained in Count 1 of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 21, United States Code, Section 853.

For their engagement in the violations alleged in Count 1 of this Indictment, punishable by imprisonment for more than one year, which count is realleged and incorporated as if more fully set forth herein, the defendants, **JAY HILL, DENORRIS HOWELL, ERIC MILLS, QAVIS GREEN, ANTONIO BEAN, KENNETH SCALES, SHAWN BROWN, MARTY LAMBERT, ARIELLE WELLS, and BRANDON WELLS,** shall forfeit to the United States pursuant to Title 21, United States Code, Sections 853(a)(1) and 853(a)(2), all of their interests in property constituting, and derived from, any proceeds the defendants obtained, directly and indirectly, from such violations, and any property used and intended to be used in any manner or part to commit and to facilitate the commission of such violations.

If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant,

      a.      Cannot be located upon the exercise of due diligence;

      b.      Has been transferred, sold to or deposited with, a third person;

      c.      Has been placed beyond the jurisdiction of the Court;

      d.      Has been substantially diminished in value; or,

      e.      Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

All in violation of Title 21, United States Code, Section 853.

                        A TRUE BILL:

                        /s/ Signature Redacted
                        F O R E P E R S O N

*[Signature]*
UNITED STATES ATTORNEY